# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEAN JAMES O'CONNOR,

    Plaintiff,

v.

WISCONSIN DEPARTMENT OF REVENUE, DONNA PUGLIANO, ELIZABETH PICKERING-WILLIAMS, and ANGELA DOE,

    Defendants.

Case No. 18-CV-1042-JPS

**ORDER**

    Plaintiff filed this action *pro se* on July 9, 2018. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without prepaying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers that he is self-employed as a "coin dealer" but also collects Social Security and other forms of government assistance. (Docket #2 at 2). His total monthly income is about $1,600 to $1,800. *Id.* Plaintiff owns his home, and so does not owe rent or a mortgage payment. *Id.* at 2–3. His expenses nevertheless total about $1,200 to $1,300. *Id.* at 3.

    A plaintiff is only entitled to proceed *in forma pauperis* if they would be unable "to provide [themselves] . . . with the necessities of life" if required to pay the $400.00 filing fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The Court is not entirely convinced that Plaintiff meets

this standard. The Court will hold that issue in abeyance for now, however, because Plaintiff's complaint must be dismissed on its merits (or rather, the lack thereof). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that in August 2000, he was delinquent on a payment of sales tax, presumably for his coin dealing business. (Docket #1 at 2). He says that Defendant Donna Pugliano ("Pugliano") harassed him for payment of the amount, which was just over $60.00. *Id.* Plaintiff had a hearing with a tax commissioner in 2001 over the matter, which did not go well for Pugliano. *Id.* Plaintiff says that after the hearing, the Wisconsin Department of Revenue ("DOR") and Pugliano "went on a ruthless vendetta to 'get me.'" *Id.* Plaintiff claims that in 2007 and 2008, he was followed by a man in a trench coat who would sit outside his house at night. *Id.* He also mentions tax returns, apparently because the DOR claimed that he had failed to file returns. *Id.*

In 2011, Plaintiff alleges that his bank account was being "levied" regularly by the DOR. *Id.* at 3. This compelled Plaintiff to file bankruptcy, which was completed by the fall of 2012. *Id.* Plaintiff complains that the DOR continued to seek delinquent taxes from Plaintiff which had been discharged in his bankruptcy. *Id.* Plaintiff also states that the DOR filed a "tax warrant" against him which is negatively impacting his credit. *Id.* at 3–4.

Plaintiff alleges that Defendants' conduct violated federal law in that they pursued collection of the tax debts both after he filed his bankruptcy

case and after he obtained discharge of his debts. *Id.* at 4. Plaintiff further alleges that Defendants violated his First, Sixth, Seventh, and Eighth Amendment rights. *Id.* He asks for money damages. *Id.*

Preliminarily, the Court observes that Plaintiff states no factual allegations against Angela "Doe" (he does not recall her last name) or Elizabeth Pickering-Williams. Thus, he cannot proceed on any claims against them. As to the other Defendants, Plaintiff's allegations do not state any valid claims for relief. Plaintiff cannot bring a separate lawsuit for an alleged violation of the automatic stay or discharge injunction. Those are orders of the bankruptcy court, and if Plaintiff believes someone has violated them, he must return to that court to seek relief. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

As to the constitutional violations, none are plausibly alleged. Plaintiff says, in a conclusory fashion, that Defendants interfered with his First Amendment right to petition the government for redress of grievances. (Docket #1 at 5). Nothing in Plaintiff's allegations suggests that his ability to complain to the government was ever inhibited by Defendants' actions. Indeed, he sought and obtained governmental intervention in both the tax and bankruptcy courts. The other citations to amendments are even less applicable. The Sixth applies only to criminal defendants, the Seventh provides for the right to a jury trial, and the Eighth governs criminal matters such as bail, fines, and cruel punishment. None of these issues are implicated by Plaintiff's pleading.

In light of these deficiencies, Plaintiff's complaint must be dismissed. The Court will, however, afford him an opportunity to file an amended complaint which states valid claims. If Plaintiff wishes to proceed, he must file an amended complaint on or before **August 28, 2018**. Failure to file an

amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c).

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **August 28, 2018**, or this action will be dismissed without prejudice for his failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge